UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF THE LATE TERRY | : | **CASE NO. 4:12-CV-0531** |
| GORG & BETTY GORG (GROVER), | : | |
| | : | (Chief Judge Kane) |
| Plaintiffs | : | |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| | : | |
| | : | |
| GREAT AMERICAN INSURANCE | : | |
| COMPANY OF CINCINNATI OHIO | : | |
| a/k/a GREAT AMERICAN | : | |
| INSURANCE TRUST OF CINCINNATI | : | |
| OHIO & NATIONAL CITY OF | : | |
| CINCINNATI OHIO, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

This case requires us to decide whether a provision in an insurance policy requiring that a claim under the policy be brought within three years controls even though Pennsylvania's general statute of limitations for breach of contract claims is four years. We conclude that the policy provision controls and that the plaintiffs' claims are barred by that provision because they were not brought in a timely manner.

I.  Background and Procedural History.

The plaintiffs are: 1) the Estate of the Late Terry Gorg; and 2) Betty Gorg (Grover), individually and as beneficiary and executor of the estate.  The plaintiffs commenced this action in the Court of Common Pleas of Potter County, Pennsylvania.  The defendant, the Great American Insurance Company of Cincinnati Ohio a/k/a Great American Insurance Trust of Cincinnati Ohio & National City of Cincinnati Ohio, removed the case to this court.

The plaintiffs claim that the defendant failed to pay a $250,000 death benefit on an insurance policy issued to Terry Gorg.  Mr. Gorg died On December 27, 2007.  The plaintiffs then submitted a claim under the policy.  On June 30, 2008, the defendant denied the claim.  The plaintiffs commenced this action on February 24, 2012.

The complaint contains three counts.  Count One is a breach of contract claim.  Count Two is a claim for a

declaratory judgment that the defendant is required by the policy to pay $250,000.  Count Three is a claim for bad faith.

II.  Motion to Dismiss Standard.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted brought pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint.  In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendant. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d

3

1153, 1161 (3d Cir. 1989).  A motion to dismiss or a motion for judgment on the pleadings may only be granted on the basis of the statute of limitations if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978); 5A Wright & Miller, *Federal Practice and Procedure* § 1368 (2d ed. 1990)("If the affirmative defense clearly is established in the pleadings, as, for example, when a statute of limitations defense is apparent on the face of the complaint and no question of fact exists, then a judgment on the pleadings may be appropriate.").

III. Discussion.

The defendant contends that the plaintiffs' claims are barred by a policy provision which provides for a three-year statute of limitations.

The policy contains a provision concerning when legal actions may be brought:

> **Legal Actions.** No legal action for a claim can be brought against the Company until 60 days after receipt of proof of loss. No legal action for a claim can be brought against the Company more than three years after the time for giving proof of loss.

*Doc. 1-1* at 29.  The policy provides that proof of loss must be provided within ninety days after the loss. *Doc. 1-1* at 28.

Because Mr. Gorg died on December 27, 2007, the time for giving proof of loss ended on March 27, 2008. The plaintiffs commenced this action more than three years after that date.  So, if the policy provision regarding the time to bring an action is applicable, the plaintiffs' claims are barred.[1]  The plaintiffs contend that the policy provision is not applicable because Pennsylvania provides

---

1.  The plaintiffs suggest that their cause of action did not accrue until June 30, 2008, the date the defendant denied the claim.  Even using June 30, 2008 as the start date of the statute of limitations, the plaintiffs' claims are barred by the three-year limitation in the policy because the plaintiffs did not commence this action until February of 2012, which is more than three years after June 30, 2008.

for a four-year statute of limitations for a breach of contract.

In Pennsylvania, the general statute of limitations for a breach of contract claim is four years. 42 Pa.C.S.A. § 5525(8).  But parties may contract for a shorter statute of limitations provided that the contractual period is not manifestly unreasonable. *See* 42 Pa.C.S.A. § 5501(a)("An action . . .  must be commenced within the time specified in or pursuant to this chapter unless . . . a shorter time which is not manifestly unreasonable is prescribed by written agreement.").

The policy in this case clearly provides for a three-year statute of limitations.  And that period is not manifestly unreasonable. *See Koert v. GE Group Life Assurance Co.,* 231 Fed.Appx. 117, 120 (3d Cir. 2007)("Pennsylvania law allows parties to contract for limitations periods shorter than those specified by statute, and a three year period is certainly reasonable.").

6

The plaintiffs cite a provision of the policy which provides that any provision of the policy which "is in conflict with the law of the state in which the policy was delivered, is hereby amended to conform to the minimum requirements of such law." *See Doc. 1-1* at 29.  The plaintiffs suggest that the three-year contractual statute of limitations conflicts with Pennsylvania's four-year general statute of limitations for contract actions.  But there is no conflict because Pennsylvania law specifically provides that parties may contract for a shorter statute of limitations provided that the contractual period is not manifestly unreasonable. *See* 42 Pa.C.S.A. § 5501(a).

Because parties may contract for a shorter statute of limitations than that provided in Pennsylvania law, the parties did so here, and that time period is not manifestly unreasonable, the plaintiffs' claims are barred

by the policy provision requiring claims to be brought within three years.

We note that the same statute of limitations as applies to the plaintiff's other claims applies to their request for a declaratory judgment. *See Algrant v. Evergreen Valley Nurseries Ltd. Partnership,* 126 F.3d 178, 184-85 (3d Cir. 1997).  Also, even if the policy provision were not applicable, the plaintiff's bad faith claim would be barred because the statute of limitations under Pennsylvania law for a bad faith claim is two years. *See Ash v. Continental Ins. Co.,* 932 A.2d 877, 885 (Pa. 2007).[2]

---

2.  Although the plaintiffs acknowledge that *Ash* is controlling, they nonetheless argue that a six-year statute of limitations should be applicable to their bad faith claim.  That argument is frivolous.

IV. Recommendations.


Based on the foregoing, it is recommended that the defendant's motion (doc. 2) to dismiss be granted, that complaint be dismissed, and that the case file be closed.



***/s/ J. Andrew Smyser***
J. Andrew Smyser
Magistrate Judge


Dated:  May 25, 2012.