IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF THE LATE TERRY GORG and BETTY GORG (GROVER), :<br>Plaintiffs : | |
| : | Civil Action No. 4:12-00531 |
| v. : | |
| : | (Chief Judge Kane) |
| GREAT AMERICAN INSURANCE : | |
| COMPANY OF CINCINNATI OHIO and : | (Magistrate Judge Smyser) |
| NATIONAL CITY OF CINCINNATI : | |
| OHIO, : | |
| Defendants : | |

## MEMORANDUM ORDER

Presently pending before the Court are the Report and Recommendation of Magistrate Judge Smyser (Doc. No. 15) addressing Defendants' motion to dismiss (Doc. No. 2) as well as Plaintiffs' objections thereto (Doc. No. 16). For the reasons that follow, the Court will adopt the Report and Recommendation.[1]

The sole issue before the Court is whether Plaintiffs' breach-of-contract claim and request for a declaratory judgment are barred by a provision of an Occupational Accident Insurance Policy issued by Defendant Great American Insurance Company to Terry Gorg.[2] Following Mr. Gorg's death on December 27, 2007, Plaintiffs submitted a claim for accidental

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

[2] Plaintiffs also raised a statutory bad faith claim against Defendants, which Magistrate Judge Smyser found was barred by the statute of limitations. Plaintiffs do not object to this finding. (Doc. No. 16 ¶ 19.) Therefore, the Court will adopt this portion of the Report and Recommendation and grant Defendants' motion to dismiss Plaintiffs' statutory bad faith claim.

1

death benefits under the policy.  Defendant denied the claim on June 30, 2008, and Plaintiffs commenced this action in the Court of Common Pleas of Potter County, Pennsylvania, on February 24, 2012.  (Doc. No. 1.)  The action was removed to this Court on March 23, 2012.  (Id.)

Pennsylvania law provides a four-year statute of limitations for breach-of-contract claims.  42 Pa. Cons. Stat. § 5525(a).  Parties, however, may agree to a shorter limitations period so long as the shorter period "is not manifestly unreasonable" and "prescribed by written agreement."  42 Pa. Cons. Stat. § 5501(a).  Here, a provision contained in Section VIII of the policy states: "No legal action for a claim can be brought against the Company until 60 days after receipt of proof of loss.  No legal action for a claim can be brought against the Company more than three years after the time for giving proof of loss."  (Doc. No. 19-1 at 21.)  As Magistrate Judge Smyser found, courts have held that a three-year limitations period for breach-of-contract claims is reasonable.  See, e.g., Koert v. GE Group Life Assurance Co., 231 F. App'x 117, 120 (3d Cir. 2007) ("Pennsylvania law allows parties to contract for limitations periods shorter than those specified by statute, and a three year period is certainly reasonable.").  Because Plaintiffs did not commence this action within three years, as prescribed by the policy, Magistrate Judge Smyser recommended that Defendants' motion to dismiss be granted.  (Doc. No. 15 at 7-9.)

In their objections, Plaintiffs contend that Magistrate Judge Smyser failed to consider a rider contained in the policy titled "Rider Applicable to Residents of Pennsylvania," even though Plaintiffs did not reference the rider in their brief in opposition to Defendant's motion to dismiss.  (Doc. No. 16 ¶¶ 4, 7-8.)  The rider states in relevant part:

> This Rider is attached to and made part of the Policy or one of its certificates as of the Effective Date shown in the Schedule of Benefits and applies only during the Policy's effective period. This Rider is subject to all of the provisions, limitations and exclusions of the Policy except as the Rider specifically modifies them.
>
> 1. Accidental Death and Dismemberment Benefits
>
> Any time limit on accidental death in the certificate does not apply.

(Doc. No. 19-1 at 24.) According to Plaintiffs, because Mr. Gorg was a resident of Pennsylvania, the rider renders the three-year limitations period contained in Section VIII of the policy inapplicable, and a four-year statute of limitations period applies, making this action timely. (Doc. No. 17 at 3.) The Court finds this objection to be without merit. Upon review of the entire policy, the Court finds that the language in the rider regarding the time limit on accidental death benefits relates to the distribution of benefits, not the time period in which a legal action arising out of the policy must be commenced. (See Doc. No. 19-1 at 2.) Indeed, the rider contains no language referencing a legal action arising out of the policy. (See id. at 24.) Thus, because Plaintiffs did not bring the instant action within three years, their breach-of-contract claim and request for a declaratory judgment is barred by the statute of limitations provided in the policy.

**ACCORDINGLY**, on this 23rd day of July 2012, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (Doc. No. 15) is **ADOPTED**;
2. Plaintiffs' objections (Doc. No. 16) are **OVERRULED**;
3. Defendant's motion to dismiss (Doc. No. 2) is **GRANTED**; and
4. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania